UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/7/16

---

BLUE WINDOW CAPITAL, LLC,

              Plaintiff,

– against –

HOMEPEOPLE CORPORATION,

              Defendant.

**OPINION AND ORDER**

15 Civ. 9057 (ER)

---

Ramos, D.J.

On July 7, 2016, judgment in this action was entered in favor of Blue Window Capital, LLC ("Plaintiff"). Doc. 21. Plaintiff now moves for attorneys' fees and costs. Doc. 22.[1] For the reasons set forth below, Plaintiff's motion is GRANTED.

I. BACKGROUND

Plaintiff commenced this action on November 18, 2015, asserting that HomePeople Corporation ("Defendant") failed to repay $200,000 owed to Plaintiff under a promissory note dated July 18, 2014 (the "Note") that matured on July 17, 2015. *See* Complaint, Doc. 1; Ex. 1.[2] On January 13, 2016, Defendant retained counsel for the claimed limited purpose of drafting and filing an answer to Plaintiff's complaint. *See* Doc. 12. In the meantime, Defendant purportedly sought to obtain counsel who could provide representation on an ongoing basis. *Id.* On March 25, 2016, Defendant's counsel withdrew from the litigation, and the Court gave Defendant thirty days to obtain new counsel. *Id.* On May 16, 2016, well beyond the thirty days provided,

---

[1] Defendant HomePeople Corporation has not responded to Plaintiff's motion.

[2] "Ex." references are to exhibits attached to the Declaration of Matteo J. Rosselli in Support of Motion for Award of Attorneys' Fees and Costs, Doc. 24.

Defendant requested that the Court assign Defendant pro bono counsel. *See* Doc. 15. The Court denied that request in an order dated May 23, 2016. Doc. 17.

On June 15, 2016, Plaintiff delivered to the Court a motion for the entry of default judgment. That motion was denied without prejudice, and Defendant was directed to show cause on July 1, 2016 why the Court should not enter judgment against it for its failure to defend this action. Doc. 19. Defendant failed to appear before the Court on that date, and judgment was ultimately entered in Plaintiff's favor on July 7, 2016. Doc. 21.

On July 21, 2016, Plaintiff moved to collect $13,711.21 from Defendant for attorneys' fees and costs in connection with the Note. Doc. 24. Section 6(f) of the Note provides that "[i]f action is instituted to collect this Note, the Company [HomePeople Corporation] promises to pay all costs and expenses, including, without limitation, reasonable attorneys' fees and costs, awarded to Investor [Blue Window Capital, LLC] in connection with such action." Ex. 1 ¶ 6(f).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) requires a party to move "for attorney's fees and related nontaxable expenses . . . no later than 14 days after the entry of judgment." Where a contract provides for the award of attorneys' fees and costs to a prevailing party, the Court may award fees that are considered reasonable. *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, No. 12 Civ. 1337 (KNF), 2014 WL 6632937, at *4 (S.D.N.Y. Nov. 24, 2014) (citing *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)). In determining whether attorneys' fees are reasonable, New York has adopted the "Lodestar" method outlined by the United States Supreme Court. *See Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010). Therefore, under New York law, "[a] request for legal fees is presumptively reasonable where the fees sought are 'the product of a reasonable hourly rate and the reasonable number of hours

required by the case.'" *Gaia House Mezz LLC v. State St. Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To calculate the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, 08 Civ. 1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). To calculate the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Ultimately, a district court has broad discretion in setting fee awards. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *see also Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) ("In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." (citation omitted)).

### III.   ANALYSIS

The Court finds that Plaintiff is entitled to recover the attorneys' fees and costs that it incurred in collecting on the Note. The Note expressly states that "[i]f action is instituted to collect this Note, the Company [HomePeople Corporation] promises to pay all costs and expenses, including, without limitation, reasonable attorneys' fees and costs, awarded to Investor [Blue Window Capital, LLC] in connection with such action." Ex. 1 ¶ 6(f). Judgment for Plaintiff in this matter was entered on July 7, 2016, and Plaintiff timely moved for attorneys' fees and costs within fourteen days, on July 21, 2016. Doc. 22.

The Court further finds that the $13,711.21 award sought by Plaintiff is reasonable. The hourly rate charged by attorneys in this case ranged from $330.00 to $500.00, while the hourly rate charged by paralegals ranged from $175.00 to $235.00. Courts have found rates similar to, or higher than, these rates to be reasonable in the Southern District of New York. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 589 (S.D.N.Y. 2008) (partner rate of $700-$750 per hour and associate rate of $300-$550 per hour found reasonable); *In re Independent Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at *9 (S.D.N.Y. Sep. 29, 2003) (hourly rates from the year 2003 of $650 per hour for partners and $300-$425 per hour for associates found reasonable for "topflight New York City law firm"); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 46 (2d Cir. 2000) (rate of $550 per hour in 1996 was justified to "recognize the quality of the representation rendered"). Although this case was not particularly complex in relation to others, the highest rates charged in this District are well above the rates that were charged here. Moreover, the Court has reviewed the claimed number of hours worked, Exs. 2-9, and does not find them "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Therefore, the Court concludes that a $13,711.21 award for attorneys' fees and costs is reasonable in this case.

## IV.   CONCLUSION

For the reasons set forth above, the Court enters judgment in the amount of $13,711.21 to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 22.

It is SO ORDERED.

Dated: October 7, 2016
   New York, New York

Edgardo Ramos, U.S.D.J.